IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JORDAN NATHANIEL MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:15CV566 |
| ) | |
| SGT. GREEN, et al., ) | |
| ) | |
| Defendant(s). ) | |

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Jordan Nathaniel Mitchell, submitted a pro se Complaint under 42 U.S.C. § 1983, as well as a Supplement (Docket Entry 3) to that Complaint, and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names several employees or apparent employees of the Moore County Jail--Sgt. Green, Sgt. Flint, Neil Godfree, Staff Member Clump, Staff Member Dives, Lt. Moore, and Deputy Helms--as Defendants in the case. Plaintiff was a pretrial detainee in that facility before authorities transferred him to Central Prison following the events described in the Complaint. Plaintiff claims that, on May 12, 2015, Defendant Green approached Plaintiff's cell and told him that he had to start giving up his mattress during daylight hours. Plaintiff asked to speak with a lieutenant. Green responded that there was no need, that the lieutenant was not available, and that Plaintiff could either give his mattress or be pepper sprayed for refusing to do so.

Plaintiff refused, Green sprayed him, and Plaintiff surrendered. Defendant Green, Defendant Helms, and two other officers then handcuffed Plaintiff and removed him from the cell. Plaintiff could not see and reports that an unidentified person smacked his head against a wall. He does not report any injury from that. The officers strapped Plaintiff in a restraint chair while they cleaned his cell. They later returned to take him back to his original cell. Defendant Green allegedly refused to allow Plaintiff to shower or change clothes to decontaminate from the pepper spray and Plaintiff reports that his hair burned so badly that he still could not see. Also, Plaintiff's cell still smelled "spicy" and the officers wore gas masks while returning him to the cell. They uncuffed Plaintiff and began to close the door, but he "panicked" and punched Green in the face. The officers then returned Plaintiff to the restraint chair before transferring him out of the facility. In the process of placing Plaintiff into the restraint chair for the second time, Defendant Helms allegedly cut Plaintiff's wrist with a handcuff key.

Because Plaintiff is "a prisoner seeking] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Also, under 28 U.S.C. § 1915(e)(2), the

-2-

Case 1:15-cv-00566-CCE-LPA   Document 4   Filed 07/23/15   Page 2 of 8

Court may dismiss any parts of the lawsuit that are frivolous, malicious, or fail to state a proper claim for relief.

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This

-3-

Case 1:15-cv-00566-CCE-LPA   Document 4   Filed 07/23/15   Page 3 of 8

standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] For the reasons that follow, most of the potential claims and Defendants in the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2).

The Court notes first that there is no mention in Plaintiff's facts of most of the Defendants listed in the Complaint. Specifically, the Complaint and Supplement do not make any allegation against Defendants Godfree, Clump, Dives, or Moore. Defendant Moore may be the lieutenant to whom Plaintiff wished to speak about his mattress. However, if so, this would not state a claim against Moore. Plaintiff alleges that Green told him that Moore was not available. He never claims that he spoke to Moore or that Moore was part of, or even aware of, the subsequent events in the Complaint. Therefore, Defendants Godfree, Clump, Dives, and Moore should be dismissed from the case.

Similarly, Plaintiff mentions Defendants Flint and Helms, but states no claim for relief against them. He states only that Flint took pictures during Plaintiff's second stint in the

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

restraint chair. Taking pictures in no way violated Plaintiff's federal rights. Plaintiff alleges that Helms cut one of Plaintiff's wrists with a handcuff key while placing him into the restraint chair for the second time. However, Plaintiff makes no allegation that the cutting was either serious or intentional. Also, the instrument involved, a handcuff key, in no way suggests any intent to harm Plaintiff in a malicious or intentional manner. In the end, Plaintiff's facts do not state a claim against Defendants Flint and Helms and their dismissal from the case is also proper.

The only remaining Defendant is Sgt. Green. Plaintiff alleges that Green told him that he must give up his mattress during daylight hours and that this violated his rights. However, as the Court previously informed Plaintiff in conjunction with a prior case, removal of his mattress during daylight hours does not violate his constitutional rights. See Deaton v. Ark. Dept. of Correction, No. 2:12-cv-00186-JLH-JTK, 2012 WL 6115102, at *4-5 (E.D. Ark. Oct. 15, 2012) (unpublished); Wilson v. Cleveland Cnty. Sheriff's Dep't, No. 1:12-cv-39-RJC, 2012 WL 2090605, at *4 (W.D.N.C. June 11, 2012) (unpublished).

Plaintiff also alleges that Green warned him that he would pepper spray him if he did not give up the mattress and that he followed through on that warning. This also did not violate Plaintiff's constitutional rights. Again, as the Court previously informed Plaintiff in conjunction with a prior incident where Green sprayed him for failing to give up his mattress, insubordination and refusals to follow direct orders constitute serious matters in a jail or prison, allowing the use of reasonable force such as pepper spray. Jennings v. Mitchell, 93

-5-

Case 1:15-cv-00566-CCE-LPA   Document 4   Filed 07/23/15   Page 5 of 8

F. App'x. 723, 724 (6th Cir. 2004); Thomas v. Northern, No. 1:07-CV-114-SNLJ, 2009 WL 3617556 (E.D. Mo., Oct. 29, 2009) (unpublished); Johnson v. Turmezei, No. 1:03-cv-6359-OWW-DLB PC, 2008 WL 345929, at *7 (E.D.Cal. Feb. 6, 2008) (unpublished).

Finally, Plaintiff alleges that Green refused to allow him to decontaminate or change clothes before removing him from the restraint chair and returning him to his cell. The Court finds that this allegation is sufficient to state a claim in the circumstances alleged in the Complaint. Green deemed Plaintiff to have calmed enough to return to his cell and have his handcuffs removed with officers still present in the room. Also, either the condition of Plaintiff himself or his cell, which he claims still smelled "spicy," caused the officers to continue to wear gas masks. Nevertheless, Green allegedly refused to allow Plaintiff to decontaminate and placed him in the cell. This states at least a potential claim against Green for excessive force and/or a violation of Plaintiff's due process rights. See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (stating that the Due Process Clause protects pretrial detainees from excessive force amounting to punishment); United States v. Hall, 551 F.3d 257, 273 n.19 (4th Cir. 2009) (noting that the Eighth Amendment's cruel and unusual punishment prohibition does not apply to pretrial detainees, but due process protects them from improper punishment). That claim alone should go forward.[2]

---

[2] The Complaint and Supplement also contain allegations about Plaintiff's head hitting the wall during his first transfer and about a refusal by staff to allow him to return to his cell to gather his property before his transfer. However, he does not specifically connect these incidents to Green or any of the other named Defendants.

As for Plaintiff's request to proceed *in forma pauperis*, that request reveals that he has no money with which to make any initial partial payment and that he received no deposits into his trust account in the past six months. Therefore, The Court will grant his request to proceed *in forma pauperis* and order that trust officers send payments if and when sufficient funds become available.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted, but that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of August of 2015, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that all payments shall be designated as made in payment of the filing fee for Civil Action No. 1:14CV770, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons be stayed until an Order is entered regarding the recommendation that only Plaintiff's claim against Green for excessive force proceed and that all other claims and Defendants be dismissed. Upon the issuance of such an Order, and if the claim is allowed to proceed, the Clerk should refer the matter to the undersigned for a further Order pertaining to service of the Complaint.

IT IS RECOMMENDED that with the exception of Plaintiff's claim against Defendant Green for refusing to allow Plaintiff to decontaminate before returning to his cell and for placing him in a cell that was not properly cleaned of pepper spray, this action be dismissed pursuant to 28 U.S.C. § 1915A and § 1915(e)(2) for being frivolous or for failing to state a claim upon which relief may be granted.

This, the 23rd day of July, 2015.

          /s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**